NO. 07-05-0451-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 10, 2007


______________________________



RICKY CRAWFORD, 


 

 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-407,822; HON. JIM BOB DARNELL, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant, Ricky Crawford, was convicted of failing to stop and render aid. He
complains of the conviction by contending that 1) the trial court erred in overruling his
objection to the State's comment on the exercise of his right to remain silent, 2) the
evidence was legally and factually insufficient to sustain the conviction, and 3) the trial
court erred in refusing to give an accomplice witness instruction to the jury. We affirm the
judgment.




Background


 On November 15, 2004, appellant and LaQuiency Freeman were in an automobile
that struck a bicycle and resulted in the death of Sheila Austin. Although the car fled the
scene, Freeman later offered information to the police with respect to the accident. The
information led to the arrest of appellant as the driver of the vehicle at the time of the
collision. 

Issue 1 - Comment on Right to Silence


 Appellant initially asserts that the State, during closing argument, commented on his
right to remain silent. The comments occurred during an exchange with a police
investigator about the accident. During it, appellant denied being involved but then told the
officer that "[i]f you turn off the tape [recorder] I'll tell you about the accident." This
statement constituted an invocation of appellant's right to remain silent, according to
appellant. And, in referring to it while closing, the State allegedly commented on his right
to remain silent. We overrule the issue. 

 To invoke the right in question, one must clearly manifest his desire to remain silent. 
Dowthitt v. State, 931 S.W.2d 244, 257 (Tex. Crim. App. 1996). Anything less than a clear
manifestation does not obligate the officer to stop the interrogation. Id.; Mayes v. State,
8 S.W.3d 354, 358-59 (Tex. App.-Amarillo 1999, no pet.). Here, the words used by
appellant did not reveal a desire to remain silent. On the contrary, in saying ". . . I'll tell you
about the accident," appellant evinced an unmistakable interest in speaking, though not
on tape. So, since appellant opted to speak, it cannot be said that the prosecutor
improperly commented on the right in question.

 Appellant also criticizes the prosecutor's 1) statement that appellant ". . . doesn't
come forward and say anything" on the tape and he "has lack of concern," and 2) reference
to appellant's "silence on the tape . . . ." Yet, during the interrogation giving rise to the
tape, appellant had been advised of his right to remain silent and had waived it. Again,
having chosen to speak, appellant relieved the State from remaining silent about
appellant's right against self-incrimination. Garcia v. State, 126 S.W.3d 921, 924 (Tex.
Crim. App. 2004) (stating that appellant's complaint about his right to remain silent "'during
the time his statement was made'" was "nonsensical" since he waived that right when he
agreed to make the statement). 

Issue 2 - Sufficiency of the Evidence


 Next, appellant challenged the sufficiency of the evidence to sustain his conviction. 
We overrule the issue.

 The applicable standards of review appear in Jackson v. Virginia, 443 U.S. 307, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979) and Watson v. State, 204 S.W.3d 404 (Tex. Crim. App.
2006). We refer the parties to those cases. 

 Appearing of record is the testimony of Freeman expressly identifying appellant as
the driver of the vehicle when it struck the bicyclist. Also contradicting appellant's claim of
innocence was the evidence that 1) he borrowed the vehicle involved in the accident from
his girlfriend on the night of the accident, 2) he drove it from and to the location at which
he borrowed it, 3) he returned it with a smashed windshield, dents, and the outside mirror
dangling, 4) a wiper blade found at the scene matched a blade missing from the vehicle
he borrowed, 5) appellant told his girlfriend he was the driver, 6) appellant misrepresented
to his girlfriend that a brick hit the vehicle, 7) appellant apologized for the damage to the
vehicle, 8) appellant "took a rag to the car," 9) paint chips recovered from the license plate
of the vehicle were similar in layer sequence, color, and type of paint to paint found on the
bicycle, and 10) the victim's injuries were consistent with being thrown up over the
windshield of a vehicle. This evidence is sufficient to permit a rational trier of fact to find
beyond a reasonable doubt that appellant was the operator of a vehicle involved in an
accident resulting in injury or death to Sheila Austin and that he failed to stop and render
aid. Tex. Transp. Code Ann. §§550.021 and 550.023 (Vernon 1999) (defining the
offense). 

 As for appellant's attempt to discredit Freeman and the other witnesses, discredit
the investigation of the police, and shift blame, we note the evidence that people in the
general area had seen two other vehicles leave the area around the time of the accident,
that Freeman had been left alone in the vehicle at one point while appellant went into a
house to buy drugs, and that Negroid hairs inconsistent with those of the victim were found
on the windshield (appellant was white and Freeman was black). Yet, this information was
far from overwhelmingly unfavorable to the jury's verdict. Neither did it create more than
surmise that someone else, such as Freeman, drove the vehicle. Nor was the evidence
of appellant's guilt weak; rather, ample existed if the jurors opted to believe it. And, after
all, it was for the jurors, as opposed to this court, to resolve doubts in testimony and select
who to believe. Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000) (stating
that the jurors have the obligation to resolve credibility disputes). Consequently, the verdict
has the support of both legally and factually sufficient evidence. 

Issue 3 - Accomplice Witness Instruction


 Via his third and last issue, appellant claims that the trial court should have given
the jury an accomplice witness instruction. In other words, he posits that because
Freeman was an accomplice to the crime, the trial court was obligated to inform the jury
that they could not convict him on Freeman's testimony alone without corroborating
evidence. We overrule the issue.

 Irrespective of whether Freeman was an accomplice, there appeared of record
evidence corroborating appellant's guilt. It consisted of appellant's borrowing and returning
the car, telling the car owner that he was driving it, apologizing for the damage, taking "a
rag to" it after returning, and evincing a consciousness of guilt by attempting to deceive the
owner about how the damage occurred. 

 Corroborating evidence need only connect the accused to the offense, not establish
guilt beyond reasonable doubt. McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim. App.
1997). What we note in the previous paragraph does just that, link appellant to the
offense. Thus, even if the jury should have been instructed on the need for corroboration,
the failure to do so was harmless given abundant evidence of corroboration. 

 The judgment of the trial court is affirmed.


 Brian Quinn 

 Chief Justice

Do not publish.



note2 );
 document.write( '
Close' );
 document.write( '' );
 }


          Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. On remand, the trial court shall utilize whatever means necessary to
secure a Certification of Defendant’s Right of Appeal in compliance with Texas Rule of
Appellate Procedure 25.2(d), as presently in effect. This action is to be taken not later than
April 21, 2008. Once properly executed, the certification shall be included in a
supplemental clerk’s record and filed with this Court on or before May 1, 2008.
          It is so ordered. 
 
                                                                                      Per Curiam
                                                                                                
 
 
 
Do not publish.